1    CARY B. LERMAN (State Bar No. 054937)
     Cary.Lerman@mto.com
2    RICHARD E. DROOYAN (State Bar No. 065672)
     Richard.Drooyan@mto.com
3    JOSEPH J. YBARRA (State Bar No. 218130)
     Joseph.Ybarra@mto.com
4    JEREMY A. LAWRENCE (State Bar No. 270866)
     Jeremy.Lawrence@mto.com
5    MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue
6    Thirty-Fifth Floor
     Los Angeles, CA  90071-1560
7    Telephone:  (213) 683-9100
     Facsimile:   (213) 687-3702
8
     Attorneys for Plaintiffs Ameron International
9    Corporation and Ameron B.V.

10

                UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   CENTRAL DIVISION

13

14

15    AMERON INTERNATIONAL        CASE NO.  CV 12-08582 R (VBKx)
     CORPORATION, AMERON B.V.,
16    and GREENWICH INSURANCE
     COMPANY,

17             Plaintiffs,          **ORDER GOVERNING THE**
                             **TREATMENT OF CONFIDENTIAL**
18        vs.                     **INFORMATION**

19    AMERICAN HOME ASSURANCE
     COMPANY,
20
            Defendant.
21

22

23          The parties having agreed to the following in the Stipulation for

24   Proposed Protective Order Regarding The Treatment Of Confidential Information,

25   filed in this action on January 22, 2013 (the "Stipulation"), IT IS HEREBY

26   ORDERED AS FOLLOWS:

27          1.      For purposes of this Protective Order:

28

[PROPOSED] PROTECTIVE ORDER
CV 12-08582 R (VBKX)

1      (a)    "Ameron" shall mean Ameron International Corporation or

2  Ameron B.V.

3      (b)    "Underlying Action" shall mean the action brought on or about

4  April 28, 2004, by Sable Offshore Energy, Inc. and others, in the Supreme Court of

5  Nova Scotia, Canada captioned *Sable Offshore Energy, Inc., et al. v. Ameron*

6  *International Corp., et al,* Supreme Court of Nova Scotia S.H. No. 220343.

7      (c)    "Confidential Information" shall mean all information related to

8  or produced in the Underlying Action, including but not limited to documents

9  exchanged in the Underlying Action, other correspondence and discovery, attorney-

10  client information and work product of Ameron's defense counsel in the

11  Underlying Action.  Confidential Information shall also include trade secret

12  information as defined in California Civil Code § 3426.1; and other non-public

13  information that is sensitive from a business or competitive standpoint, including

14  but not limited to past, present and future business plans and strategies, revenue

15  information, and pricing policies.

16      (d)    "Information" includes information in any form, whether

17  provided in response to a request for information, in documents, or in testimony in

18  deposition or any other proceeding.

19      (e)    "Document" includes tangible paper documents as well as

20  information stored electronically or by other means or on other media.

21      (f)    Confidential Information shall not include pleadings, or any

22  Documents or Information that are a matter of public record, whether in the

23  Underlying Action or elsewhere.  The parties intend this Protective Order fully to

24  comply with the "implied undertaking" rule under the common law of the province

25  of Nova Scotia, Canada.  Consequently, information produced in the Underlying

26  Action is "public" only if it can be derived from sources independent of that

27  litigation.  The parties intend that this Protective Order shall permit the parties to

28  exchange and present to the Court in this action such Confidential Information as is

1    discoverable, consistent with the terms and conditions of this Protective Order.

2    This Protective Order applies equally to original Information and Documents as

3    well as derivatives thereof, including but not limited to copies, extracts, excerpts,

4    digests, compilations, and summaries.

5         (g)     "Party" means a party to the Stipulation.

6         2.      This Protective Order shall govern any Confidential Information

7    furnished by any party to any adverse party in connection with the discovery and

8    pre-trial phases of this action.  This includes but is not limited to Confidential

9    Information produced in response to demands for production of documents or other

10   things; responses to interrogatories; responses to requests for admission; testimony

11   and exhibits in deposition or any other proceeding; and all copies, extracts,

12   excerpts, summaries, compilations, designations, and portions of the foregoing.

13   This Protective Order also shall govern any Confidential Information furnished by

14   any third party pursuant to subpoena or otherwise in connection with this litigation,

15   and third parties shall have the same rights and obligations under this Protective

16   Order as parties to this litigation.

17        3.      A document containing Confidential Information will be subject to this

18   Protective Order when it is designated as confidential using the following

19   procedure:

20             (a)     The party producing the document shall review the document

21   and make a good faith determination that the document contains Confidential

22   Information.  Each page of the document containing Confidential Information shall

23   be marked with the legend "Confidential – Subject to Protective Order."

24             (b)     If documents are produced on a compact disc ("CD") and the

25   CD is marked "Confidential – Subject to Protective Order," all documents on the

26   CD shall be treated as confidential, even if they are not marked as in paragraph (a)

27   above.

28

(c)     If a third party produces information that it does not designate as Confidential Information, but a party to the litigation believes that it contains Confidential Information of the party to the litigation or of its affiliates, that party may designate it as Confidential Information within ten days of receipt of the information by re-producing the pages containing Confidential Information with the legend "Confidential – Subject to Protective Order."

(d)     If a document is not designated Confidential Information, but the producing party later determines that the document or a part of the document should be so designated, a late designation may be made by re-producing the document with the pages containing Confidential Information marked with the legend "Confidential –Subject to Protective Order."  No party or third party shall have any liability due to disclosure of the information that occurred prior to such late designation.

4.     A transcript containing Confidential Information may be designated as such by marking the cover page "Confidential – Subject to Protective Order."

(a)     Any party may provisionally designate a transcript as confidential by so stating on the record, or by so stating in a writing sent to all counsel of record within five days of the testimony.  That designation shall extend for 14 days after the transcript is delivered to the designating party.  During that 14-day period, the designating party shall, in good faith, determine which, if any, pages of the transcript actually contain Confidential Information and shall so communicate that determination to all parties by designating those pages of the transcript to be marked "Confidential – Subject to Protective Order."  The 14-day provisional period may be extended by agreement of the parties or by order of the Court.

(b)     If only individual pages are marked and it is later determined that additional portions of the transcript should be designated as containing Confidential Information, that party may so designate by identifying the pages

- 4 -

containing Confidential Information to all parties.  No party or third party shall have any liability due to disclosure of the information that occurred prior to such late designation.

5.      Except as provided in this Paragraph 5, Confidential Information shall not be disclosed to any person or entity.  Confidential Information, including documents and transcripts so designated, may be given, shown, disclosed, made available, or communicated only to:

(a)      Counsel for a party to the Stipulation, including paralegals, staff members, and consultants employed by such counsel;

(b)      A Party, or an officer, director, employee, claims administrator or in-house counsel for a Party, or a Party's affiliate, subsidiary, parent company, successor, reinsurer or auditor, provided any person affiliated with such an entity to whom Confidential Information is provided has a legitimate, good faith reason to viewing the Confidential Information, and is subject to the terms of the Stipulation and Protective Order;

(c)      The Court, including Court personnel and members of the jury;

(d)      A court reporter at a deposition where Confidential Information is disclosed;

(e)      Any person that the parties stipulate in writing may be given Confidential Information;

(f)      Any person who authored or was identified as an original recipient or party to the Confidential Information;

(g)      Any expert retained by a party, whether the expert is a consulting or testifying expert, provided that the expert agrees in writing to be bound by this Protective Order;

(h)      A witness at a deposition, deposition preparation or at trial, but such witness shall not be permitted to retain a copy of the Confidential Information; and

[PROPOSED] PROTECTIVE ORDER
CV 12-08582 R (VBKX)

1           (i)     Administrative and regulatory bodies and others, as required by

2 law.

3       6.     Documents and transcripts designated as containing Confidential

4 Information shall not be used for any purpose by any person or party receiving

5 them other than for the purpose of determining the nature and/or extent  of

6 insurance coverage.  Notwithstanding anything else in this Protective Order,

7 however, no person or party shall be bound by the provisions of this Protective

8 Order regarding designated Confidential Information known or available to that

9 person outside the discovery process in this case.

10       7.     Upon settlement, final judgment, or termination of this action,

11 including any appeals, and at the Disclosing Party's written instruction, all

12 Confidential Information produced hereunder shall be either returned to the

13 Disclosing Party or destroyed, except that Confidential Information may be retained

14 to the extent required to comply with applicable law or regulation, but only to the

15 extent and only for the time period so required.  In the event that Confidential

16 Information is destroyed, an affidavit of destruction shall be provided.

17       8.     Any document or transcript designated as containing Confidential

18 Information to be filed in a court shall be filed under seal, and the caption of the

19 document shall so state.  The parties agree not to oppose any ex parte motion to file

20 under seal made by the filing party.

21       9.     In the event a party determines that information being produced is

22 highly sensitive information of the type that would have economic or strategic

23 value to the party whose counsel is to receive the information, the party may

24 designate the information as "Confidential – Subject to Protective Order –

25 Attorneys' Eyes Only."  All parts of this Protective Order apply equally to

26 Confidential Information designated as "Confidential – Subject to Protective

27 Order– Attorneys Eyes Only," except that parties (other than in-house counsel)

28 shall not be provided such information.

[PROPOSED] PROTECTIVE ORDER
CV 12-08582 R (VBKX)

10.     Nothing herein shall prevent a party from using any Confidential Information at a trial or at any hearing (including motion hearings).  However, the manner in which Confidential Information is to be disclosed at a trial or hearing shall be determined by the Court or by agreement of the parties with a view to protecting its confidential status and to complying with confidentiality obligations imposed by the "implied undertaking" rule pursuant to the common law of Nova Scotia, Canada, as set forth in paragraph 1, above.  The party seeking to use Confidential Information under this paragraph shall comply with paragraph 8.

11.     If any party having possession, custody, or control of any Confidential Information receives a subpoena or other process that would require the disclosure or production of designated Confidential Information, that party shall promptly:

(a)     Notify in writing the attorneys of the party claiming confidentiality of the Confidential Information sought by the subpoena or other process or agreement;

(b)     Furnish those attorneys with a copy of the subpoena or other process or agreement; and

(c)     Provide reasonable cooperation with respect to a procedure to protect the Confidential Information.

If the party asserting confidentiality makes a motion to quash or to modify the subpoena or process, there shall be no disclosure until the court has ruled on the motion, and then only in accordance with the ruling (unless disclosure prior to a ruling is required by law).  If the party does not make such a motion within fifteen days of receipt of written notice and a copy of the subpoena or process under Paragraph 11(a) and (b) above, the person or party receiving the subpoena or process shall be entitled to comply with it, provided that the person or party has fulfilled its obligations under this paragraph.

12.     If a party believes that a transcript or document has been designated as containing Confidential Information when it does not actually contain Confidential

[PROPOSED] PROTECTIVE ORDER
CV 12-08582 R (VBKX)

Information, that party shall so inform the designating party's counsel.  In the event that there is a disagreement as to whether the document or transcript has been properly designated, there shall first be an attempt in good faith to resolve such dispute via informal negotiation and agreement of the parties.  If such negotiation fails to resolve the dispute, and the parties are in litigation or arbitration, the party challenging the designation of particular materials may move the Court or the arbitrator, as appropriate, for a determination of the appropriate designation of the materials.  The party designating the information as confidential shall have the burden of showing that the transcript or document does contain Confidential Information.  The document or transcript shall maintain its confidential designation pending resolution of the motion.  There is no time limit within which a party contesting Confidential Information is required to bring such a motion.

13.    If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party of all pertinent facts relating to such disclosures and shall make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such information.

14.    The agreement of the parties to the Stipulation shall not be construed as an agreement or admission: (a) that any Information or Document designated as "Confidential – Subject to Protective Order" or "Confidential – Subject to Protective Order– Attorneys' Eyes Only" is in fact Confidential Information; or (b) as to the correctness or truth of any allegation made or position taken relative to any Information or Document designated as "Confidential – Subject to Protective Order" or "Confidential –Subject to Protective Order – Attorneys' Eyes Only."

15.    Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard

[PROPOSED] PROTECTIVE ORDER
CV 12-08582 R (VBKX)

to such document or other discovery material, the Party receiving such notice shall promptly return or, at the producing Party's option, destroy any and all copies of such document or other discovery material and shall refrain from reading or reviewing said document or discovery material beyond the extent necessary to identify it as the inadvertently produced material, or from utilizing it in any manner or form including specifically but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever. The receiving party shall also remove all references to such material from any attorney work product.  Together with notification of inadvertent production, the producing Party shall supply a privilege log to the receiving Party describing said document or other discovery material in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted. Notwithstanding the foregoing, nothing in this paragraph shall prevent a receiving Party, after promptly returning or destroying the discovery material, from challenging the producing Party's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted in camera, and (c) the challenge shall not assert as ground or basis that the producing Party waived any privilege or protection because of the inadvertent disclosure.

16.    The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Protective Order as the Court from time to time may consider appropriate, upon motion of any party or otherwise.  The provisions of the Stipulation and Protective Order regarding the use or disclosure of Confidential

[PROPOSED] PROTECTIVE ORDER
CV 12-08582 R (VBKX)

1   Information will survive the termination of this action, and the Court will retain

2   jurisdiction with respect to this Protective Order.

3         17.    The parties may propose amendments to this Protective Order in

4   writing.

5         IT IS SO ORDERED.

6

7   DATED: January 30, 2013

        _____
8                            HON. MANUEL L. REAL
                        UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    [PROPOSED] PROTECTIVE ORDER
                                    CV 12-08582 R (VBKX)